UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Asociación de Exportadores e Industriales de Aceitunas de Mesa; <br> Agro Sevilla Aceitunas S. Coop. And., <br> Angel Camacho Alimentación, S.L., <br><br>       Plaintiffs, <br><br>     v. <br><br>  United States, <br>      Defendant. | Court No. 23-00076 |

## COMPLAINT

  Plaintiffs, Asociación de Exportadores e Industriales de Aceitunas de Mesa ("ASEMESA"); Agro Sevilla Aceitunas S. Coop. And. ("Agro Sevilla"), and Angel Camacho Alimentación, S.L. ("Camacho") (collectively the "Plaintiffs"), by and through their counsel, hereby allege and state the following:

### JURISDICTIONAL STATEMENT

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action is commenced under Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C.§ 1516a.  This action contests the final results issued by the U.S. Department of Commerce ("Commerce" or the "Department") in the third administrative review of the countervailing duty order on Ripe Olives from Spain (Case No. C-469-818).  *See Ripe Olives From Spain: Final Results of Countervailing Duty Administrative Review 2020*, 88 Fed. Reg. 14,605 (Dep't of Commerce March 9, 2023) ("Final Results").

2. Commerce's analysis of the issues is contained in an Issues and Decision Memorandum dated March 3, 2023. (" Final I&D Memo").

## STANDING OF PLAINTIFFS

3. Plaintiff ASEMESA is a "business association a majority of the members of which are producers, exporters, or importers of such merchandise," as described in Section 771(9)(A) and 516A(f)(3) of the Act, 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and participated in the administrative review now being challenged. Agro Sevilla and Angel Camacho are foreign producers and exporters of subject merchandise who were responding parties in the administrative review now being challenged. Plaintiffs are therefore interested parties within the meaning of 19 U.S.C. §1677(9)(A) and 1516a(f)(3).

4. Plaintiffs have standing to bring this action under section 516A(d) of the Tariff Act of 1930, 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(e).

## TIMELINESS OF THIS ACTION

5. Commerce published notice of the contested determination on March 9, 2023. *See* 88 Fed. Reg. 14,605. This action was commenced with the filing of the Summons on April 4, 2023, within 30 days after the publication of the Final Results, and this complaint on the same day. Accordingly, this action is timely filed under 19 U.S.C § 1516a(a)(2)(A).

## STATEMENT OF FACTS

6. The original CVD order on ripe olives from Spain was imposed on June 2018. *See Ripe Olives From Spain: Final Affirmative Determination of Sales at Less Than Fair Value,* 83 Fed. Reg. 28,193 (June 18, 2018) and accompanying Final I&D Memo. The final results

were amended in *Ripe Olives from Spain: Amended Final Affirmative Countervailing Duty Determination and Countervailing Duty Order*, 83 Fed. Reg. 37,469 (Aug. 1, 2018).

7. On October 7, 2021, the Department of Commerce published notice of initiation of the third administrative review of the countervailing duty order on ripe olives from Spain. *See: Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 55,811 (Oct. 7, 2021). Agro Sevilla and Camacho were interested parties and were subject to individual examination in the review. Commerce published its Preliminary Results on August 30, 2022. *See Ripe Olives From Spain: Preliminary Results of Countervailing Duty Administrative Review; 2020*, 87 Fed. Reg. 54,460 (Sep. 6, 2022), and accompanying Issues and Decision Memorandum dated August 30, 2022 ("Prelim I&D").

8. As part of its review, Commerce required Agro Sevilla and Camacho to collect subsidy information from numerous non-party growers/suppliers of raw olives, including those where no control relationship exists and even where no affiliation exists at all. In some instances, the identity of the grower/supplier was not even known to the companies given the structures of their supply chains. These subsidies were attributed to Agro Sevilla and Camacho under Section 771B of the Tariff Act of 1930, 19 U.S.C. § 1677-2. In those instances where Agro Sevilla and Camacho could not secure the requested information from the growers/suppliers concerned, Commerce applied neutral facts available under Sections 776(a)(1) and 776(a)(2)(B) of the Tariff Act of 1930, 19 U.S.C § 1677e(a)(1) and 19 U.S.C 1677e(a)(2)(B), in its preliminary results. Prelim I&D at 15.

9. Between September 26, 2022 and September 30, 2022, Commerce conducted on-site verification at Camacho and some of its first-tier and second-tier growers/suppliers in Spain. On September 29, 2022, Commerce sought to verify information from two of Camacho's

unaffiliated growers. At the beginning of the verification, the first-tier supplier for the two growers submitted corrections to the reported sales for the two growers. Commerce declined to accept the corrections, citing their magnitude. Final I&D Memo at 22-23.

10. On March 3, 2023, Commerce issued its Final Results which were later published on March 9, 2023. *See Ripe Olives From Spain: Final Results of Countervailing Duty Administrative Review; 2020* (88 Fed. Reg. 14605).

11. In its Final Results, Commerce continued to apply neutral facts available in those instances where the non-party growers/suppliers of Agro Sevilla and Camacho did not provide adequate information. Final I&D Memo at 23. However, in the case of the two Camacho non-party growers that sought to provide corrections to submitted information at verification that Commerce declined to accept, Commerce applied adverse facts available according to Section 776(b) of the Tariff Act of 1930, 19 U.S.C. § 1677e(b). In doing so, Commerce cited the growers' attempt to submitted corrected information and found that Camacho had not cooperated to the best of its ability by failing to provide accurate and complete information on a timely basis from the two growers. As such, it applied adverse facts available with respect to the two growers for all programs from which Camacho's growers benefitted. Final I&D at 7-8 and 23-24.

12. In addition, as part of its Final Results, Commerce revised its Preliminary Results regarding the attribution of grower/supplier subsidies under the Section 771B of the Tariff Act of 1930. Specifically, it aligned its analysis with its revised analysis from the Second Remand Redetermination confirmed in Slip Op. 22-108 (*Asociación de Exportadores e Industriales de Aceitunas de Mesa et al v. United States*). For the Final Results, Commerce redefined the "raw agricultural product" and "prior stage product" as those terms are used in Section 771B

as the five biologically distinct table and dual-use varietals. The "latter stage product" remained defined as processed table olives. Using data sources from the Second Remand Redetermination, Commerce found that that 51.61 percent of the manzanilla, gordal, carrasqueña, and hojiblanca varietals were processed into table olives in Harvest 2020. As such, Commerce found that the demand for its defined prior stage product was substantially dependent on demand for its defined latter stage product, and therefore the criteria of Section 771B had been met, permitting the attribution of grower subsidies. Final I&D at 4-5 and 18.

## STATEMENT OF CLAIMS

13. In the following respects, and for other reasons apparent from the administrative record of Commerce's CVD investigation, the Final Results are not supported by substantial evidence on the record and is otherwise not in accordance with law.

**Count 1:   The Department's determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is contrary to law as it applies an erroneous "substantially dependent" standard.**

14. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 13. Under Section 771B of the Tariff Act of 1930, in the case of an agricultural product processed from a raw agricultural product, Commerce is permitted to impute subsidies received by growers of the raw agricultural product to the producers of the processed product provided two criteria are met: (1) the demand for the prior stage product is substantially dependent on the demand for the latter stage product, and (2) the processing operation adds only limited value to the raw commodity . . . . 19 U.S.C. § 1677-2.

15. In finding the first condition under Section 771B was met in its Final Results, Commerce applied an erroneous standard for determining that demand for the prior stage product as it identified in the proceeding was "substantially dependent" on the demand for the later stage product.

**Count 2:** **Even assuming the Department applied a legally correct "substantially dependent" standard, its determination that demand for its designated "prior stage product" is "substantially dependent" on demand for its designated "latter stage product", within the meaning of 19 U.S.C. 1677-2, is not supported by substantial evidence.**

16. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 15.

17. Even assuming that Commerce applied a legally correct "substantially dependent" standard under 19 U.S.C. § 1677-2, Commerce's calculation that 51.61 percent of the manzanilla, gordal and hojiblanca and carrasqueña produced (i.e.. the prior stage product) were processed into table olives (i.e. the later stage product), or that such volume is dependent on the latter stage product, is not supported by substantial evidence.

**Count 3:** **The application of adverse facts available to Camacho based on the non-cooperation of non-party, unaffiliated growers, was contrary to law.**

18. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 17.

19. By applying adverse facts available to Camacho in response to non-cooperation by non-party, unaffiliated growers, Commerce has acted contrary to Section 776(b) of the Tariff Act of 1930 (19 U.S.C. § 1677e(b)), which permits the use of adverse facts available only where an "interested party" has failed to cooperate.  In the case at hand, the two unaffiliated growers that sought to provide corrections to their own information at verification do not

qualify as interested parties under the statute. As such, Commerce's resort to adverse facts available against Camacho was unlawful.

**Count 4:  Commerce's finding that Camacho did not cooperate to the best of its ability is not supported by substantial evidence.**

20. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 19.

21. The record reflects significant efforts by Camacho to obtain information from its unaffiliated, non-party growers in response to Commerce's requests for information.

22. As such, Commerce's finding that Camacho did not cooperate to the best of its ability in efforts to collect and provide accurate and complete information from its non-party, unaffiliated growers within the meaning of section 776(b) of the Tariff Act of 1930 (19 U.S.C. § 1677e(b)) is not supported by substantial evidence.

**Count 5:  Commerce's differing treatment of non-party growers depending on whether they failed to provide information during the questionnaire phase of Commerce's review or attempted to correct information at verification is otherwise arbitrary and unlawful**

23. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 22.

24. Commerce correctly applied neutral facts available under Section 776(a) of the Tariff Act of 1930 (19 U.S.C § 1677e(a)) where non-party growers failed to provide information during the questionnaire phase of Commerce's review, but for similarly situated growers that provided complete information and then sought to make corrections at verification, Commerce applied adverse facts available.

25. Commerce's distinction in treatment, choosing to unlawfully punish Camacho in situations where its non-party, unaffiliated growers affirmatively sought to cooperate, further renders its decision arbitrary and unlawful.

**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court enter judgment as follows:

(A)  Enter judgment in favor of Plaintiffs;

(B)  Hold as unlawful Commerce's final results of the third administrative review of the countervailing duty order on Ripe Olives from Spain that are the subject of this Complaint,

(C)  Remand this proceeding to Commerce with instructions to publish revised final results and recalculate the countervailing rates applicable to Plaintiffs in conformity with the Court's decision; and

(D)  Grant Plaintiffs such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Matthew P McCullough

Matthew P McCullough

**Curtis Mallet-Prevost, Colt & Mosle LLP**
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006 202-452-7373
*Counsel for Plaintiffs*

Dated: April 4, 2023